## Whitpain v. Douglass et al.

*J. Stroud Weber,* for plaintiff.

*High, Swartz, Flynn & Roberts,* for defendants.

DANNEHOWER, J., January 9, 1948.—This case originated when plaintiff filed its bill in equity to restrain defendants from violating an ordinance prohibiting the storage of abandoned or junked automobiles on public or private property. The language of the ordinance followed that used in subsection 12 of section 702 of The Second Class Township Law of May 1, 1933, P. L. 103, as amended by the Act of May 1, 1939, P..L. 41, sec. 1, 53 PS §19093-702, giving the specific authority to enact such an ordinance.

The facts need not be detailed at length for they are fully found and discussed in the adjudication of the chancellor and in his opinion upon reargument. Briefly, the defendant conducted on his own property "a used car and parts" business, in the course of which he obtained used cars, dismantled them and stored the removed parts for future sale. Parts of the chassis or bodies which could not be so used were allowed to remain on the premises in various stages of disassembly, and at periodic intervals were hauled away for scrap

after unusable or unsalable parts were burned. At times, the number of unusable bodies on the premises has reached 15, and the usual maximum length of time a body remains there is something over a month.

The chancellor found that defendants' business did not constitute a junk yard or an automobile "graveyard". He likewise found that as conducted the business was not a nuisance in fact. He did, however, conclude that defendants had violated the ordinance by storing abandoned or junked automobiles on the premises and that plaintiff was entitled to relief by injunction.

Defendants take no exceptions to any findings of fact, but do except to the conclusions of law and decree of the chancellor finding the practice of defendant husband to be a violation of the ordinance, and ordering the removal of abandoned or junked automobiles within 30 days.

Defendants make two contentions: (1) That under a reasonable construction the ordinance is not to be applied to a used automobile parts business, where the temporary storage of a few auto bodies is merely incidental; (2) the ordinance (as well as the statute whereby it was authorized to be adopted) is unconstitutional as an arbitrary confiscation of private property, and as not having any reasonable relation to the public health, safety, morals or general welfare.

The ordinance is not directed at any particular type of business. It is directed at the (1) accumulation of garbage and rubbish and (2) the storage of abandoned or junked automobiles, and (3) the carrying on of any offensive business. Three types of offenses are thus prohibited, and the second is the one involved here. It matters not whether the activity of defendants is so offensive as to be a nuisance; the inquiry is simply whether there has been a storage of abandoned or junked automobiles. Under the evidence, the chancel-

lor was fully warranted in finding that there was such storage, and therefore a violation.

As to the matter of constitutionality, counsel for defendants has cited Wunderle v. Board of Adjustment of the Borough of Hatboro, 62 Montg. 231 (1946), Stott's Petition, 58 Montg. 372 (1942), and Commonwealth v. Pugh et al., 39 D. & C. 98 (1940). The first two cases arose under zoning ordinances. Acts of assembly granting to municipalities the right to adopt zoning ordinances invariably contain the qualification that the measures adopted must be "for the purpose of promoting health, safety, morals or the general welfare" of the municipality. See, as to second class townships, the Act of July 1, 1937, P. L. 2624, secs. 1 and 3, 53 PS §§19093-2201 and 19093-2203. These cases, therefore, are readily distinguishable, as the restrictions were found to go beyond the permission granted by statute.

The Pugh case merely held that the Township of West Norriton had no legislative power or authority to compel abolition of automobile graveyards. What was there said as to constitutionality by way of dictum was relevant there, for the township was attempting to legislate under its implied power, which did not extend to such a prohibition. In our case, the legislative authority is express and clear.

It is not necessary again to cite all the authorities already cited in the opinion upon reargument, sustaining the proposition that where an ordinance is passed by virtue of express power it cannot be set aside for mere unreasonableness. We will again refer, however, to Kistler v. Swarthmore Borough, 134 Pa. Superior Ct. 287 (1938), where the court upheld an ordinance prohibiting motion picture theatres under express legislative power.

Therefore, defendants' exceptions must be dismissed. While not called upon to do so, we feel impelled by the circumstances of this particular case to

venture the opinion that the township authorities should interpret and enforce the ordinance reasonably. We would be inclined to feel that if defendant has no more than six abandoned or junked automobiles on his property at any one time and does not permit them to remain for more than a month or six weeks he should not be deemed in violation.

And now, January 9, 1948, for the foregoing reasons, defendants' exceptions are dismissed and the prothonotary is directed to enter the decree nisi as the final decree.